Filed 1/24/23  P. v. McDaniel CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　v.<br><br>ROBERT DEAN MCDANIEL,<br><br>　　　Defendant and Appellant. | C092707<br><br>(Super. Ct. No. 95F07955)<br><br>OPINION ON TRANSFER |

Defendant Robert Dean McDaniel appeals from the trial court's order denying his petition for resentencing under Penal Code former section 1170.95 (now renumbered as section 1172.6 (Stats. 2022, ch. 58, § 10); statutory section citations that follow are to the Penal Code).  Defendant argues the trial court erred when it determined he was ineligible for resentencing as a matter of law based on the jury's robbery-murder and burglary-murder special circumstance findings.

1

We filed an unpublished opinion on December 17, 2021, affirming the trial court's order. Our Supreme Court granted review of the matter on March 9, 2022, and on November 22, 2022, transferred the case to us with directions to vacate our previous decision and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). Neither party filed supplemental briefing following the transfer. We will reverse the trial court's order and remand the matter for further proceedings.

## FACTS AND HISTORY OF THE PROCEEDINGS

In 2000, a jury found defendant guilty of first degree murder (§ 187, subd. (a)), robbery (§ 211), and burglary (§ 459). (*People v. McDaniel* (Feb. 26, 2003, C037451) [nonpub. opn.] (*McDaniel*).) The jury also found true burglary-murder and robbery-murder special circumstance allegations (§ 190.2, subd. (a)(17)) as to the murder count and firearm enhancement allegations (§ 12022, subd. (a)) as to each count. (*McDaniel,* C037451.)

On appeal, we affirmed the convictions. (*McDaniel, supra*, C037451.) Our opinion laid out the evidence introduced at trial. In short, defendant and codefendants robbed the victim at his home. After the robbery, the victim was found dead in his home with six gunshot wounds. (*Ibid.*)

On appeal, defendant challenged the sufficiency of the evidence for the special circumstance findings, saying there was not substantial evidence " '[he] was the person who actually shot [the victim], that [he] harbored an intent to kill [the victim], or that [he] acted with reckless indifference to life.' " (*McDaniel, supra*, C092707.) We rejected the argument, saying, "[h]ere, prior to the murder, defendant planned the burglary of [the victim's] house and sought assistance from Tynes, Cox, and Pennucci. When one potential participant demanded to get half of the property that would be taken in the burglary, defendant decided to do the heist himself, along with Pennucci and another person. After 'the third party dropped out,' defendant obtained Cook's help because

2

defendant felt that he 'needed three' perpetrators.  In accordance with the plan, defendant was one of three culprits who went into [the victim's] home and robbed him.  Following the theft and killing, a dispute arose regarding the splitting of the loot.  During the argument, defendant declared that he had a 'big part' in the crimes, that he had done most of the 'hard work,' and that he had assumed 'all the risk.'  [¶]  This evidence leads to the conclusion that defendant was a major participant in the crimes that resulted in Peterson's death."  (*Ibid*.)

We also concluded sufficient evidence supported the conclusion defendant acted with reckless indifference to human life, saying, "[d]efendant, Pennucci, and Cook entered [the victim's] home with the intent to steal valuable property from him.  They were armed with guns, thus demonstrating that they were prepared to confront anyone they found in the residence and take the property by force if necessary.  It was well-known that [the victim] was a drug user, who himself possessed a gun.  In these circumstances, '[d]efendant had to be aware of the risk of resistance to such an armed invasion of the home and the extreme likelihood death could result.'  (*People v. Mora* (1995) 39 Cal.App.4th 607, 617.)  [¶]  Regardless of what role that defendant played in the actual shooting, he was liable for the special circumstance because he was a major participant in the burglary and robbery, who acted with reckless indifference to human life in committing those crimes."  (*McDaniel, supra*, C092707.)

On January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life," became effective. (Stats. 2018, ch. 1015, § 1, subd. (f).)  Senate Bill 1437 achieved these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state

that a person can be liable for felony murder only if (1) "[t]he person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor "in the commission of murder in the first degree"; or (3) "[t]he person was a major participant in the underlying felony and acted with reckless indifference to human life . . . ." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added former section 1170.95 to provide the resentencing petition process for a "person convicted of felony murder or murder under a natural and probable consequences theory." (Former § 1170.95, subd. (a).) Effective June 30, 2022, former section 1170.95 was renumbered section 1172.6, without any changes in text. (Stats. 2022, ch. 58, § 10.) Section 1172.6 includes a prima facie determination. Under subdivision (c), the trial court must receive briefing from the parties and "determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

In 2019, defendant filed a form petition for resentencing under former section 1170.95. In the petition, defendant declared that a complaint, information, or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony-murder or murder under the natural and probable consequences doctrine, that he was convicted of first degree murder under the felony-murder rule or the natural and probable consequences doctrine, and that he could not now be convicted of first degree murder based on the recent changes to sections 188 and 189. He requested that the court appoint him counsel.

The trial court appointed counsel and received briefing from the parties. Defendant noted the special circumstance findings in his case had occurred before the Supreme Court's opinions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which " 'clarified the plain requirements' " of

4

section 190.2, and defendant asked the trial court to conduct a review of the facts "to determine if a jury would [now] find the special circumstance[s] to be true."

The court then issued a written decision denying the petition. The court concluded former section 1170.95 was not the appropriate method to determine "the sufficiency of the evidence of the special circumstance finding[s] in light of *Banks* and *Clark*." The trial court observed that there is a split in appellate authority as to whether a defendant in this situation must first seek habeas relief to challenge his special circumstance findings. After considering cases from both sides of the split, the court was persuaded that a former section 1170.95 "proceeding is not one in which the sufficiency of the evidence of the felony-murder special circumstance may be relitigated in light of the decisions in *Banks* and *Clark* . . . defendant instead must seek relief from the special circumstance on that basis in a habeas corpus proceeding." Thus, because the special circumstance findings established defendant had, at minimum, "been a major participant in the burglary and robbery who acted with reckless indifference to human life," he could still be convicted of murder and was ineligible for relief. The court denied the petition.

## DISCUSSION

Defendant argues the pre-*Banks*/*Clark* special circumstance findings should not have precluded his eligibility for relief under former section 1170.95. Because the jury's special circumstance findings were made before the rulings in *Banks* and *Clark*, defendant claims the jury did not conclusively establish defendant was a major participant who acted with reckless indifference to human life as those terms are now understood. We agree.

Section 190.2, subdivision (d) provides that, for the purposes of those special circumstances based on the enumerated felonies in paragraph (17) of subdivision (a), an aider and abettor must have been a "major participant" and have acted "with reckless indifference to human life." (§ 190.2, subd. (d); *Tapia v. Superior Court* (1991)

5

53 Cal.3d 282, 298.) Thus, at the time of the trial court's decision, a special circumstance finding arguably satisfied the requirements for accomplice murder liability, even after Senate Bill 1437. (§ 189, subd. (e).)

Following the trial court's decision, however, the Supreme Court issued its decision in *Strong, supra*, 13 Cal.5th 698, which concluded that "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437." (*Id.* at p. 710.)

Considering the issue in the context of issue preclusion, the court observed, "*Banks* and *Clark* represent the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue. Our earlier discussion of habeas corpus petitioners who have obtained relief from their felony-murder special circumstances in the wake of *Banks* and *Clark* [citation] does much to explain why: There are many petitioners with pre-*Banks* and *Clark* felony-murder special-circumstance findings who nevertheless could not be convicted of murder today. Senate Bill 1437 requires petitioners seeking resentencing to make out a prima facie case that they 'could not presently be convicted of murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019.' (§ 1172.6, subd. (a)(3).) A pre-*Banks* and *Clark* special circumstance finding does not negate that showing because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements." (*Strong, supra*, 13 Cal.5th at pp. 717-718.)

The Supreme Court also considered whether "a court may reject a petition at the prima facie stage if it independently examines the record and determines, applying the *Banks* and *Clark* standards, that sufficient evidence supports the earlier findings." (*Strong, supra*, 13 Cal.5th at p. 719.) Noting the differences between pre- and post-*Banks* and *Clark* special circumstance requirements, the Supreme Court observed the

6

changes may "have altered what evidence defense counsel would have sought to introduce . . . might have fundamentally altered trial strategies," and may have affected what jury instructions were requested or given. (*Id.* at p. 719.) "An after-the-fact court review of a pre-*Banks* and *Clark* record does not account for all these differences. . . . And as the Legislature has made explicit in a recent amendment to the predecessor to section 1172.6, a court determination that substantial evidence supports a homicide conviction is not a basis for denying resentencing after an evidentiary hearing. [Citation.] Nor, then, is it a basis for denying a petitioner the opportunity to have an evidentiary hearing in the first place." (*Id.* at p. 720, fn. omitted.) Thus, neither "the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Strong*, at p. 720.) Nor is there any requirement that a defendant first seek relief from such findings via habeas petition. (*Id.* at p. 714.)

Accordingly, neither the pre-*Banks/Clark* special circumstance finding in defendant's case nor our conclusion that substantial evidence supported that finding precludes defendant's eligibility for relief as a matter of law. The trial court's decision is thus no longer supported, and we must reverse the order denying defendant's petition.

## DISPOSITION

The trial court's order denying defendant's petition for resentencing is reversed. The matter is remanded for the trial court to issue an order to show cause and conduct further proceedings consistent with section 1172.6, subdivision (c).

 

                                            _____

                                            HULL, Acting P. J.

 

We concur:

 

_____

DUARTE, J.

 

_____

RENNER, J.